# Commonwealth ex rel. J. Frank Guiramez *v.* Ashe, Warden.

*Criminal law — False pretenses — Conspiracy—Sentence—Penitentiary—County prison—Act March 31, 1860, P. L. 382.*

1. Where a person is convicted on an indictment for obtaining money on false pretenses and on another for conspiracy, he cannot be sentenced to imprisonment in the penitentiary for an indeterminate period, the maximum to be three years and the minimum one and one-half years.

2. For the crime of false pretenses, the sentence under the Act of March 31, 1860, P. L. 382, is imprisonment in the county jail and not in the penitentiary.

3. For the crime of conspiracy under the Act of 1860, the imprisonment may be in the penitentiary for a maximum of two years, and a minimum of one year.

4. Where a prisoner is thus wrongly sentenced the case will be remitted to the court below, so that he may be resentenced in accordance with law.

COMMONWEALTH ex rel. GUIRAMEZ v. ASHE, Warden. 19

1928.] Opinion of the Court.

Petition for habeas corpus. Miscellaneous Docket No. 508, 1928.

OPINION BY MR. JUSTICE SADLER, April 9, 1928:

Based on the same facts, Guiramez, relator in this proceeding, was indicted in Clearfield County to Nos. 98 and 99 December Term, 1926, charged respectively with obtaining money by false pretenses, and conspiring to cheat and defraud. The court below imposed one sentence after conviction on both charges in the following form: "The defendant having been convicted of conspiracy and false pretense, and, it appearing to the court that the defendant has heretofore been free from violations of the law, and apparently is a man of character, the court, taking these facts into consideration, will sentence as follows: Now December 22, 1926, the sentence of the court is that you pay a fine of one dollar, the costs of prosecution, and undergo imprisonment in the Western Penitentiary for an indeterminate period, sentence to date from the 29th of October, 1926, the maximum of which shall be three years, and the minimum one year and a half, and stand committed until the sentence of the court is complied with."

Defendant has since been incarcerated in the Western Penitentiary, and now presents his petition for a writ of habeas corpus, asking to be discharged on the ground that he is confined by virtue of an unauthorized and illegal order. To determine the correctness of this contention, an examination of the relevant sections of the Crimes Act, by which punishment is provided for the offenses of which he was found guilty, becomes necessary, as well as the legislation defining the place of imprisonment in such cases.

By section 111 of the Act of March 31, 1860 (P. L. 382), the crime of false pretenses is made a misdemeanor, punishable by a fine not exceeding $500, and imprisonment not exceeding three years. "Separate or solitary confinement" was not made a part of the pun-

20 COMMONWEALTH ex rel. GUIRAMEZ v. ASHE, Warden.

Opinion of the Court. [293 Pa.

ishment, and therefore simple imprisonment in a county jail alone could be imposed: Act Mar. 31, 1860, section 75, P. L. 450, amended June 26, 1895, P. L. 374, and Feb. 28, 1905, P. L. 25. The court was authorized to direct incarceration in the county prison for a period not exceeding the time mentioned, and was not required to make the term indeterminate, the minimum not exceeding one-half of the maximum, as ordered, for the so-called Ludlow Act (June 29, 1923, P. L. 975), applied only to crimes "punishable by imprisonment in a state penitentiary." It is apparent that the sentence to the Western Penitentiary directed by the quarter sessions, after verdict of guilty, on bill No. 98, cannot be justified.

The defendant was also convicted of conspiracy to cheat and defraud. By section 128 of the Crimes Act (March 31, 1860, P. L. 382) it was proper to order that he be sent to a penitentiary to be held in separate or solitary confinement, and therefore an indeterminate sentence, for a maximum period of two, and a minimum of one year, as well as pay a fine not exceeding $500, could properly be imposed. There was no power, however, to direct that the term be not less than one and one-half years, and not more than three years. Evidently, the court had in mind the three-year term of simple imprisonment permissible after conviction of obtaining money by false pretenses, and inadvertently fixed the punishment on the basis of the maximum provided for that offense.

It follows from what has been said that the sentence imposed was illegal and void, but this does not mean that defendant is entitled to a general discharge, though he must be released from the penitentiary where he is now confined, and returned to Clearfield County for resentence for such period as the court may deem fit, not exceeding the term which could have been originally meted out: Com. v. Barge, 11 Pa. Superior Ct. 164; Com. v. Peach, 170 Pa. 173; see also Com. v. Diagicobbe,

COMMONWEALTH ex rel. GUIRAMEZ v. ASHE, Warden.  21

1928.]                    Opinion of the Court.

85 Pa. Superior Ct. 305; Com. v. Davidow, 86 Pa. Superior Ct. 434.

The fact that the prisoner has already been held in the penitentiary for more than one year will doubtless be taken into consideration by the court below in determing whether the imprisonment already undergone is a sufficient punishment for the crimes of which he was found guilty, but this court will not of its own motion discharge defendant as prayed for: Com. v. Curry, 285 Pa. 289, 295.

And now, April 9, 1928, it is ordered and adjudged that the rule previously allowed to show cause why habeas corpus should not issue be made absolute, and the application is treated as though the writ had issued and J. Frank Guiramez were before us; and it is further ordered and adjudged that the prisoner be remanded for resentence, and that the record be remitted to the court below to the end that appropriate process may issue to bring him into that tribunal for such resentence in accordance with the law as here announced.