Commonwealth ex rel. Deihl *v.* Ashe, Warden.

380

PER CURIAM, November 28, 1928:

This is a petition for a writ of habeas corpus; the full information furnished by petitioner enables us to treat the case as though the writ had issued and the relator was before us. He was indicted in Monroe County, charged, at No. 13, September Term, 1924, on four separate counts, with rape and three included offenses; and he was also charged, at No. 14, September Sessions, with adultery. He was found guilty generally on both bills. On the charge of rape he was sentenced "to pay the costs of prosecution, a fine of $100, and to undergo imprisonment in the Eastern Penitentiary at separate and solitary confinement for an indeterminate period of not less than seven and one-half years and not more than fifteen years." After commitment, as directed, he was transferred to the Western Penitentiary at Bellefonte, as permitted by law, where he is now confined. This order was justified by the Act of March 19, 1887, P. L. 128. For the adultery, he was sentenced to the Eastern Penitentiary, at separate and solitary confinement, for the period of one year, the sentence to begin at the expiration of that imposed on No. 13, above.

The crime of adultery is punishable under section 38 of the Act of March 31, 1860, P. L. 382, 392, by fine and simple imprisonment not exceeding one year; but no provision is made for a penitentiary sentence, and none could properly be imposed: Com. v. Ashe, 293 Pa. 534. A term in the county prison alone can be directed; this being true, it was unnecessary that a maximum and minimum term be imposed, since the Act of June 29,

1923, P. L. 975, known as the Ludlow Act, had no application: Com. v. Ashe, 293 Pa. 18, 20.

The sentence for adultery cannot be sustained. Upon completion of the imprisonment first directed, on the conviction of rape, the relator will be entitled to have that imposed on No. 14 stricken off. This does not, however, entitle him to an immediate discharge, though he must be released from the penitentiary at that time, and returned to Monroe County for resentence to the county prison, for such period as the court may deem fit, not exceeding the term which originally could have been designated: Com. v. Ashe, 293 Pa. 18.

The defendant is not, at the present time, entitled to discharge, since he has served but three years of the legal confinement properly directed; therefore his writ of habeas corpus must be dismissed: Com. v. Heston, 292 Pa. 501, 506. The sentence imposed on bill No. 14, September Term, 1924, must be stricken off, and respondent may treat the commitment under which he holds the relator as though it had been amended accordingly. It is further ordered and adjudged that, on the expiration of the term imposed on bill No. 13, September Term, 1924, the prisoner be remanded to Monroe County for resentence, and the record be then remitted to the court below to the end that appropriate process may issue to bring the defendant into that tribunal for such additional sentence on No. 14, September Term, 1924, if any, as may be deemed just.