## Commonwealth ex rel. Robertson v. Reilly, etc.

*J. William Ditter, Jr.*, assistant district attorney, for respondent.

*James R. Caiola*, for petitioner.

FORREST, J., March 15, 1955.—Lewis Robertson was indicted and tried in the court of quarter sessions of this county and a jury found him guilty of maintaining a disorderly house (bill no. 155-3, November term, 1953), sale of malt and brewed beverages without holding a license authorizing such sale (bill no. 155-4) and offering liquor for sale and selling liquor without holding a license therefor (bill no. 155-5). Before sentence was imposed on September 10, 1954, the district attorney's office represented to the trial judge in open court in the presence of defendant and his attorney that defendant previously had been convicted of violations of the same provisions of the Liquor Code. This representation was not denied, although no proof thereof had been introduced at the trial. The court sentenced defendant on bill no. 155-3 to pay the costs of prosecution, to pay a fine of $10 and to imprisonment in the Montgomery County Prison for a term of six months commencing on September 10, 1954. In addition, defendant was sentenced on bill no. 155-4 to pay the costs of prosecution, to pay a fine and to imprisonment in Montgomery County Prison for a term of three months to be computed from the expiration of sentence on bill no. 155-3, and on bill no. 155-5 he was sentenced to pay the costs of prosecution, to pay a fine and to imprisonment in Montgomery County Prison for a term of three months to be computed from the expiration of sentence on

bill no. 155-4. Sentence of imprisonment on bill no. 155-3, therefore, will have been fully served on March 10, 1955.

On November 30, 1954, defendant's counsel filed a petition for writ of habeas corpus in his behalf, contending that the prison sentences on the convictions of violation of the Liquor Code (bills nos. 155-4 and 155-5) are illegal. The writ was granted, necessitating this disposition of the case.

Section 494 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS 4-494, provides that:

"(a) Any person who shall violate any of the provisions of this article, . . . upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100), nor more than three hundred dollars ($300), and on failure to pay such fine, to imprisonment for not less than one month, nor more than three months, and for any subsequent offense, shall be sentenced to pay a fine of not less than three hundred dollars ($300), nor more than five hundred dollars ($500), and to undergo imprisonment for a period not less than three months, nor more than one year."

This section of the code defines two distinct crimes: (1) violation of any provision of article 4 of the code, and (2) subsequent violation of any such provision.

The bills of indictment charge defendant with violations falling within the first classification but not within the second. That this distinction must be carefully observed was pointed out in Rauch v. Commonwealth, 78 Pa. 490, 495 (1875), as follows:

"But clearly the substantive offense, which draws to itself the greater punishment, is the unlawful sale after a former conviction. This, therefore, is the very offense he [the defendant] is called upon to defend against."

See also Commonwealth ex rel. Flory v. Ashe, Warden, 132 Pa. Superior Ct. 405, 406 (1938). The proposition was well stated in Commonwealth v. Ciccarelli, 42 D. & C. 643, 645 (1941):

"Whenever, by statutory enactment, a second offense must carry a greater penalty than a first offense, the second offense is an offense different in kind and character from the first offense. If it would be the same offense, it could not, under our system of law and under the Bill of Rights of our Constitution, carry a different penalty. The fundamental principles of our system of laws and the Bill of Rights require equal punishment for the same offense. Therefore, when the legislature provides a different or greater penalty for a second or subsequent offense, it thereby puts the second or subsequent offense in a different classification from the first offense.

"The Constitution of this Commonwealth, in article I, sec. 9, specifically provides:

" 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, . . .'

"The accused has the right to 'demand the nature and cause of the accusation against him'. So it has been held from time immemorial that the indictment must state the nature, kind and character of the offense committed; otherwise the indictment will be quashed."

And at page 647:

"Since the second offense is different in nature and character from the first offense, the indictment must plead the peculiar characteristics by which this second offense is distinguished from a first offense."

And at page 648:

"The former conviction . . . are essential factors of the crime itself for which the man is indicted and

for which he is to be punished, and these essential factors must be alleged in the indictment and proved exactly the same way as all other material facts . . . of the case."

The former conviction must appear not only in the bill of indictment: Commonwealth v. Scott, 54 D. & C. 243, 252 (1945); it must be proved at the trial: Commonwealth v. Payne, 242 Pa. 394 (1913); Commonwealth ex rel. Blattenberger v. Ashe, Warden, 133 Pa. Superior Ct. 509 (1938). As was said in Rauch v. Commonwealth, supra, at page 494:

"On every principle of personal security and the due administration of justice, the fact which gives rightfulness to the greater punishment should appear in the record. To leave to a judge to determine it outside of the record is to subject the defendant to an unconstitutional mode of trial. The right to a trial of a material fact, to constitute his offense, by his peers, is one of the fundamental rights of the citizen, excepted out of the power of the legislature to impair or destroy."

To those who may contend that such a rule deprives a defendant of the fundamental right to exclude evidence of former convictions which is unquestionably prejudicial, the court in Kane v. Commonwealth, 109 Pa. 541, 544 (1885) replies:

"It is true, the exhibition, in this manner, of the defendant's previous crime may have a very bad effect upon his character, but this result must be charged to his own default, and to the statute which looks . . . to the protection of the law abiding community . . ."

In the Rauch case, supra, p. 495, it is added:

"But clearly the substantive offence, which draws to itself the greater punishment, is the unlawful sale after a former conviction. This, therefore, is the very offence he is called upon to defend against. He cannot

complain if, after suffering a former conviction and sentence, he commits a second offence of the same kind. Besides, if he desires no trial upon the question of a former conviction, a court will take care of his interests, and see that he is not unduly prejudiced."

If defendant stipulates that he was formerly convicted the jury need never know about it and defendant will not be prejudiced at all. This will be the case only if the original indictment is not sent out with the jury. There are statements in the cases that the original bill of indictment is to be sent out with the jury. However, there seems to be no necessity for a strict compliance with this rule, and we adopt the statement of President Judge Hargest of the Dauphin County court in Commonwealth v. Scott, 54 D. & C. 243, 251 (1945), as our own in cases where defendant will stipulate as to the former conviction:

"We are of opinion that the original indictment, averring a former conviction, should not be sent out, but a copy of it, with that averment omitted, should be furnished to the jury."

This petition for writ of habeas corpus might have been dismissed because it was filed prematurely: Commonwealth ex rel. Deihl v. Ashe, Warden, 295 Pa. 379, 381 (1929). However, rather than require that another petition be filed, we shall regard the present petition as if it had been filed as of March 10, 1955. The power of the court to correct a sentence is well recognized. Petitioner should be brought before the court of quarter sessions of the peace of this county for resentence in accordance with the law: Commonwealth ex rel. Flory v. Ashe, Warden, supra; Commonwealth ex rel. Monaghan v. Burke, 169 Pa. Superior Ct. 256, 261 (1951); Commonwealth v Mackley 380 Pa. 70 (1955). At that time the court will enter an appropriate order sua sponte.

## Order

And now, March 15, 1955, it is ordered and adjudged that petitioner Lewis Robertson, be brought before the Court of Quarter Sessions of the Peace of Montgomery County for resentence in accordance with the law.