## Commonwealth *v.* Swingle, Appellant.

Argued January 9, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Lawrence Goldberg,* for appellant.

*Louis B. Nielsen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BELL, April 17, 1961:

In 1921 Swingle was convicted of murder in the second degree in the State of New York and was sentenced to a term of imprisonment of not less than 20 years and not exceeding life. In 1945 he was paroled from that State to parole supervision in Pennsylvania.

On June 20, 1949, in Wayne County, Pennsylvania, Swingle pleaded guilty to murder. He was found guilty of murder in the second degree—this was less than five years after his parole—and because of his prior conviction in the State of New York of murder in the second degree, was sentenced to life imprisonment. The lower Court imposed this sentence believ-

ing it was required to do so by §701 of The Penal Code of June 24, 1939.*

In 1959 Swingle presented a petition for a writ of habeas corpus, alleging that §701 of The Penal Code did not include a murder committed outside of Pennsylvania and consequently the life sentence imposed upon him was illegal. This Court sustained his petition in *Commonwealth ex rel. Swingle v. Banmiller,* 398 Pa. 43, 156 A. 2d 520. We there said (pages 46, 47) : ". . . A conviction of murder in the second degree obtained *outside*** of the Commonwealth is not a prior conviction contemplated by §701 which would empower the court to impose a life sentence. Hence, the prisoner is entitled to a writ of habeas corpus. However, the relator will not be discharged but remanded to the court below *for imposition of a proper and legal sentence.* Commonwealth ex rel. v. Smith, 324 Pa. 73, 187 Atl. 387 (1936)."

After the record was remanded to the Court below for imposition of a proper and legal sentence, the District Attorney notified defendant and his counsel of the intention of the Commonwealth to have Swingle sentenced as a second offender under §1108 of The Penal Code, popularly known as the Habitual Offenders Act. All the requirements of that Act, and particularly of §1108, and all the requirements of due process were complied with—Swingle received due notice with ample time to prepare his case and was accorded a hearing and was represented by counsel. He admitted the murder in New York. He presently contends that he could not be sentenced under the Habitual Offenders Act, but only under that section of The Penal Code under which he was illegally sentenced in 1949 and under the facts which were presented to jus-

---

* P. L. 872, 18 P.S. §4701.
** Italics throughout, ours.

tify that illegal sentence. There is no merit in this contention. When this Court remanded the record to the Court below for imposition of a proper and legal sentence it did not restrict the Commonwealth to either the facts which were presented to the sentencing Court in 1949, nor to the section of the Code under which Swingle was illegally sentenced. The lower Court after hearing, imposed a sentence of 20 to 40 years under §1108(a) and (c) of The Penal Code, which, unlike §701, provides:

"(a) Second and Subsequent Offenses.—Whoever after having been convicted *within* or *without* this Commonwealth of the crime, . . . of . . . murder . . . may, upon conviction of any of such crimes for a second offense committed within five (5) years after the first offense, or subsequent offense committed within five (5) years after the prior offense, be sentenced to imprisonment for a term, the maximum of which shall not be more than twice the longest term prescribed upon a first conviction of the crime in question. . . .

"(c) Computation of Period between Convictions. —In computing the period of time between convictions, as provided in clauses (a) and (b) of this section, any period of servitude by a person in a penal institution, within *or without* this Commonwealth, shall not be included in the computation of any of said five-year periods. It is hereby declared that the intent of said clauses is that said five-year periods shall run only during the time any such person shall be at liberty."

In our above mentioned decision in *Commonwealth ex rel. Swingle v. Banmiller,* this Court did not limit the lower Court to a consideration only of the evidence or of that section of the Statute upon which it imposed the illegal sentence; on the contrary, Justice to both the Commonwealth and the defendant requires that all the evidence which is relevant and worthy of consideration in determining a proper and just sentence as of

1949 under any applicable section of The Penal Code was admissible and applicable in considering and entering a proper and legal sentence.* Swingle was accorded due process and since the original sentence was illegal the lower Court had power, as we directed it to do, to impose a proper and legal sentence, even though the term had expired: *Commonwealth ex rel. v. Smith*, 324 Pa. 73, 187 A. 387; *Halderman's Petition*, 276 Pa. 1, 119 A. 735; *Commonwealth ex rel. Brockway v. Keenan*, 180 Pa. Superior Ct. 78, 118 A. 2d 255.

Judgment and sentence affirmed.

---

* Although the question has not been raised, we note that clause (e) of §1108 provides: "A person need not be formally indicted and convicted as a previous offender in order to be sentenced under this section."