**UNITED STATES of America ex rel. Claude Francis (Dyke) SWINGLE, Appellant,**

**v.**

**A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

**No. 14078.**

United States Court of Appeals Third Circuit.

Argued Jan. 10, 1963.

Decided May 23, 1963.

Lawrence Goldberg, Philadelphia, Pa., for appellant.

Louis B. Nielsen, Jr., Dist. Atty. of Wayne County, Honesdale, Pa., for appellee.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

KALODNER, Circuit Judge.

This appeal from the denial of Claude Swingle's petition for a writ of habeas corpus by the court below[1] presents the issue whether he was illegally sentenced under the Pennsylvania Habitual Offenders Act.[2]

These undisputed facts are critical to our disposition:

In 1921 Swingle was convicted of murder of the second degree in New York and was sentenced to imprisonment of not less than 20 years. He was placed under parole in 1945 for supervision in Pennsylvania.

On June 29, 1949, Swingle pleaded guilty to murder in Wayne County, Pennsylvania. He was adjudged guilty of murder of the second degree and sentenced to life imprisonment because of the Court's opinion that such a sentence was mandatory under Section 701 of the Pennsylvania Penal Code of 1939[3] in view of Swingle's prior conviction of murder of the second degree in New York.[4] Section 701 makes mandatory a sentence of life imprisonment on a second conviction of murder of the second degree.

---

1. United States ex rel. Swingle v. Rundle, 204 F.Supp. 114 (E.D.Pa.1962).

2. Section 1108 of the Pennsylvania Penal Code, Act of 1939, P.L. 872, 18 P.S. § 5108.

3. 18 P.S. § 4701.

4. At the time of the 1949 sentencing a certified copy of the appellant's conviction of murder of the second degree in New York in 1921 was admitted in evidence, without objection.

On December 30, 1959—10 years later—the Supreme Court of Pennsylvania, acting on appellant's petition for a writ of habeas corpus, set aside the lifetime sentence and remanded to the court below "for imposition of a proper and legal sentence." [5]

The Supreme Court's action was premised on its ruling that "A conviction of murder in the second degree obtained outside of the Commonwealth is not a prior conviction contemplated by § 701 which would empower the court to impose a life sentence."

Subsequently, on January 27, 1960, Swingle and his counsel were served by the Commonwealth with notice of its intention to invoke the provisions of the Habitual Offenders Act. On May 3, 1960—more than three months after the notice was given—the Wayne County Court, after a hearing at which it rejected Swingle's challenge to the applicability of the Habitual Offenders Act, imposed a sentence under the Act, of not less than 20 years or more than 40 years. Swingle's appeal from this sentence to the Pennsylvania Supreme Court was denied.[6] Later, certiorari was denied by the Supreme Court of the United States.[7] Swingle then filed the instant petition for habeas corpus in the District Court.

On this appeal Swingle contends that (1) his sentence under the Habitual Offenders Act violated federal due process in that the first notice of intention to sentence him under that Act was not given to him until some 11 years (1960) after the original sentence in 1949; and, (2) the State Court could not in 1960 lawfully impose a sentence in excess of the maximum term provided by Section 701.

With respect to the first contention it need only be said it is well settled that while a defendant "must receive reasonable notice and an opportunity to be heard relative to the recidivist charge" that "due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal accusation". Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962); United States ex rel. Collins v. Claudy, 204 F.2d 624 (3 Cir., 1953).

Here Swingle and his counsel were notified on January 27, 1960 that the Commonwealth would seek to have him sentenced under the Habitual Offenders Act and more than three months elapsed before the hearing was held on May 3, 1960 at which the sentence was imposed. Thus, Swingle received "reasonable notice" of the "habitual criminal proceedings" and "an opportunity to be heard relative to the recidivist charge" and that fully discharges the requirements of federal due process.

With respect to the second contention: we are in accord with the holding of the Supreme Court of Pennsylvania that when it "remanded" the record to the Court below "for imposition of a proper and legal sentence" it did not restrict the Commonwealth to either the facts which were presented to the sentencing Court in 1949, nor to the section of the Code under which Swingle was illegally sentenced, and that the Wayne County Court could, as it did, impose sentence under the Habitual Offenders Act.

For the reasons stated the Order of the District Court denying the petition for writ of habeas corpus will be affirmed.

5. Commonwealth ex rel. Swingle v. Banmiller, 398 Pa. 43, 156 A.2d 520 (1959).

6. Commonwealth v. Swingle, 403 Pa. 293, 169 A.2d 871 (1961).

7. Swingle v. State of Pennsylvania, 368 U.S. 862, 82 S.Ct. 107, 7 L.Ed.2d 59 (1961).