## Commonwealth v. Allen, Appellant.

Argued January 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, June 1, 1971:

Appellant was charged with assault and battery under Indictment No. 771, December Term, 1965, and with one count of assault with intent to rob and a second count of robbery under Indictment No. 772, December Term, 1965, both indictments relating to the same incident and victim. He was subsequently tried non-jury and was convicted. While sentence was suspended on No. 771, appellant was sentenced to a term of five to ten years on No. 772. Although appellant, initially, did not file post-trial motions, he was eventually permitted to file post-trial motions which later resulted in the grant of a new trial.[1]

---

[1] No post-trial motions were filed prior to the imposition of the original sentence. Approximately one year later, appellant requested leave to file post-trial motions as though timely filed, which petition was denied. On appeal, the Superior Court vacated this order and directed the court below to conduct a hearing to determine whether appellant knowingly and intelligently waived his *Douglas* rights. *Com. v. Allen,* 209 Pa. Superior Ct. 754, 227 A. 2d 688 (1967). Thereafter the court below permitted the filing of post-trial motions which ultimately resulted in the grant of a new trial.

At this second trial appellant entered a guilty plea to both bills of indictment. He was sentenced on March 4, 1968, to not less than two and a half years nor more than eight years on No. 771 and to not less than one year nor more than two years on No. 772, both sentences to run concurrently. Thereafter appellant filed another Post-Conviction Hearing Act petition questioning the lawfulness of his sentences. After argument the judge at the second trial, on May 28, 1969, altered and imposed sentences of not less than one nor more than two years on No. 771 and of not less than two and one-half nor more than eight years on No. 772. On appeal the Superior Court affirmed per curiam over the dissenting opinion of two judges. *Com. v. Allen,* 217 Pa. Superior Ct. 59, 266 A. 2d 799 (1970). We granted allocatur.[2]

In this appeal we are not confronted with either factual questions or alleged irregularities committed at trial as appellant solely questions the legality and length of sentences finally imposed. Although related,

---

[2] An examination of the docket entries in the Supreme Court Prothonotary's office, Eastern District, reveals that no appeal was taken from No. 771, December Term, 1965. Moreover, the appeal papers in the Superior Court Prothonotary's office, Eastern District, also indicate an appeal was only taken from No. 772, December Term, 1965. Accordingly, we need not consider No. 771. *Cf. Com. v. Wade,* 156 Pa. Superior Ct. 88, 39 A. 2d 460 (1944). However, it appears to us, after a further review of the appeal forms in the Superior Court Prothonotary's office, that appellant's counsel, the Defender Association of Philadelphia, completed the form except for the caption, allowing a third party, perhaps the appellant, to fill in the judgment of sentence from which the appeal was taken, which failed to note No. 771. This initial mistake was perpetuated both in the allocatur petition presented to this Court as well as the later docket entry in the Supreme Court Prothonotary's office. In light of the fact that appellant is untrained in the law, we have corrected the docket entry *sua sponte* and addressed the issues presented in No. 771 rather than prejudice the appellant. Nonetheless, we cannot condone this haphazard, sloppy practice by the Public Defenders.

the validity of the sentences imposed on No. 771 turns, in large measure, upon our interpretation of *North Carolina v. Pearce*, 395 U.S. 711 (1969), whereas the legality of the sentences on No. 772 involves a discussion of our recent decision in *Com. v. Silverman*, 442 Pa. 211, 275 A. 2d 308 (1971). We shall discuss each indictment separately.

### Indictment No. 771, December Term, 1965

Whether we consider the two and one-half to eight year sentence originally imposed by the second judge or the later one to two-year sentence, the fact remains that the price paid by appellant for his successful appeal[3] was a term of imprisonment rather than his earlier suspended sentence. Indeed, insofar as the sentence originally imposed by the second judge of two and one-half to eight years exceeds the statutory maximum of two years for simple assault and battery, Act of June 24, 1939, P. L. 872, §708, 18 P.S. §4708, we would necessarily remand to the court below for a proper sentence. *Cf. Com. v. Swingle*, 403 Pa. 293, 169 A. 2d 871 (1961), *cert. denied*, 368 U.S. 862 (1961); *Com. ex rel. Swingle v. Banmiller*, 398 Pa. 43, 156 A. 2d 520 (1959); *Com. ex rel. v. Smith*, 324 Pa. 73, 187 Atl. 387 (1936); *Com. ex rel. Guiramez v. Ashe*, 293 Pa. 18, 141 Atl. 723 (1928). So narrowed, the question then becomes whether the second judge could impose a more severe sentence of one of two years' imprisonment instead of a suspended sentence.

Following an unbroken line of cases, the Supreme Court in *Pearce* concluded that the double jeopardy

---

[3] Although the grant of the second trial was not directly due to the action of any appellate court, but rather by the disposition of appellant's post-trial motions by the court below, this distinction is of no moment on these facts.

provision does not bar a more severe sentence upon re-conviction following the accused's successful appeal. Nonetheless, the Supreme Court held: (1) "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," 395 U.S. at 725; and (2) the increase must be justified and predicated upon intervening conduct by the defendant after the first trial and before the second. Realizing that it would be most difficult to establish such motivation, the Supreme Court enunciated a prophylactic rule: "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726. *See, also, Wood v. Ross,* 434 F. 2d 297 (4th Cir. 1970); *United States v. Gambert,* 433 F. 2d 321 (4th Cir. 1970); *Tipton v. Baker,* 432 F. 2d 245 (10th Cir. 1970); *People v. Payne,* 18 Mich. App. 42, 170 N.W. 2d 523 (1969).

At this juncture we are confronted with the question whether *Pearce* is to be retroactively applied insofar as both sentences imposed on retrial were entered prior to *Pearce.* To date, the Supreme Court has twice granted certiorari to review this important issue and has twice dismissed the writ as improvidently granted: *Odom v. United States,* 400 U.S. 23 (1970); *Moon v. Maryland,* 398 U.S. 319 (1970). In each case the writ of certiorari was dismissed as the sentencing judge belatedly filed either an affidavit or an order stating his reasons for the increased sentence, thereby eliminating the possibility of any deprivation of due process. Additionally, our research discloses but one court which has met this issue, *Pinkard v. Neil,* 311 F. Supp. 711

(M.D. Tenn. 1970), whereas three jurisdictions have evaded the question: *United States v. Gambert*, 433 F. 2d 321, 323 n. 5 (4th Cir. 1970); *Tipton v. Baker*, 432 F. 2d 245, 249 n. 7 (10th Cir. 1970); *Wayne v. State*, 8 Md. App. 5, 257 A. 2d 455 (1969).[4]

Employing the threefold "retroactivity" test enunciated by the Supreme Court, most recently utilized by this Court in *Com. v. Richbourg*, 442 Pa. 147, 275 A. 2d 345 (1971), we hold that a pre-*Pearce*, increased sentence following the grant of a new trial not based upon the defendant's intervening conduct which reflects any judicial vindictiveness cannot stand constitutional muster. Contrasting the avowed purpose of the ruling to prevent " 'penalizing those who chose to exercise' constitutional rights," 395 U.S. at 724, with the negligible reliance by law enforcement officials on the old standards and the de minimis effect on the administration of justice, we hold that *Pearce* is to be applied retroactively. *Accord, Pinkard v. Neil*, 311 F. Supp. 711 (M.D. Tenn. 1970).

On the other hand, we are of the opinion that the prophylactic rule should not be retrospectively applied and that prior sentences should not be automatically vacated merely because the sentencing judge did not list the reasons for the harsher sentence. Nevertheless, we recognize the difficult burden of proof a criminal defendant encounters by attacking his increased sentence. Employing *Moon* and *Odom* as the thread out of this labyrinth, we hold that appellant's original, suspended sentence will be reinstated unless the second sentencing judge files a supplemental opinion adequately and properly listing her reasons for the increased sentence based on "identifiable conduct on the part of

---

[4] The Fifth Circuit, without considering the due process aspect of *Pearce*, has accorded retrospective treatment to that portion of *Pearce* requiring the sentencing judge to fully credit punishment already exacted. *Allen v. Henderson*, 434 F. 2d 26 (5th Cir. 1970).

the [appellant] occurring after the time of the original sentencing proceeding."

### Indictment No. 772, December Term, 1965

As we noted earlier, the legality of this sentence stands or falls on a different footing. Paraphrasing our earlier language, whether we consider the one to two-year term or the later two and one-half to eight-year sentence, the fact remains that either sentence represents a *decrease* from the first judge's five to ten-year sentence so that *Pearce* is inapplicable. *Cf. United States v. Benz,* 282 U.S. 304 (1931). Indeed, appellant does not question the court's power to decrease his sentence as his complaint is addressed to the power of the court to alter and augment an existing sentence, which was not considered in *Pearce.* 395 U.S. at 722.

In *Com. v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971), we voided the old rule permitting a sentencing judge to increase the sentence within either the term of court or thirty days if the term of court terminated prior to the thirty-day period in light of *Benton v. Maryland,* 395 U.S. 784 (1969), which we accorded retroactive application in *Com. v. Richbourg,* 442 Pa. 147, 275 A. 2d 345 (1971). Accordingly, we held that the "modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy." 442 Pa. at 215, 275 A. 2d at 310. Therefore, *Silverman* dictates the reinstatement of the one to two-year sentence.

However, the Commonwealth contends that the first sentence on both bills were erroneously imposed and that the sentencing judge merely transposed the sentences in order to conform to her true intention. This argument is buttressed by the previously noted fact that the two and one-half to eight-year sentence on the

assault and battery indictment, No. 771, is far in excess of the statutory maximum, whereas such sentence would be proper under No. 772. For a variety of reasons we do not believe we should recognize this exception to *Silverman.*

First, the record reveals these sentences were orally imposed *and* recorded on the indictments. Moreover, no attempt was made to correct these sentences for over one year. Thus, there is at least a possibility that the sentences originally imposed by the second judge did not represent a "slip of the tongue".

Second, the Supreme Court long ago concluded that increasing a sentence after the defendant has commenced to serve it is a violation of the double jeopardy clause, *Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1873), and we are in agreement with those jurisdictions holding there is no exception to *Lange* in the situation where the increase is allegedly designed to reflect the judge's true intent: *United States v. Sacco,* 367 F. 2d 368 (2d Cir. 1966); *Kennedy v. United States,* 330 F. 2d 26 (9th Cir. 1964); *Duggins v. United States,* 240 F. 2d 479 (6th Cir. 1957). *See, also, United States v. Welty,* 426 F. 2d 615 (3d Cir. 1970); *United States v. Magliano,* 336 F. 2d 817 (4th Cir. 1964); *Ekberg v. United States,* 167 F. 2d 380 (1st Cir. 1948). Although *Bozza v. United States,* 330 U.S. 160 (1947), indicates judicial inadvertence in sentencing can be cured by increasing the sentence, that decision is inapposite for two reasons: (1) Bozza's original sentence was *below* the minimum mandatory sentence; and (2) the mistake was cured within five hours. Nor can the instant appeal be equated with the situation in *Com. v. Meyer,* 169 Pa. Superior Ct. 40, 82 A. 2d 298 (1951), wherein it was held that a trial judge could correct a clerk's erroneous docket entry.

Lastly, we are of the opinion that such alleged inadvertence cannot be tolerated as a matter of public

policy. As best stated by the Second Circuit, "[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners," 367 F. 2d at 370.

Accordingly, we remand the record to the court below and order: (1) the reinstatement of the suspended sentence on No. 771 unless the sentencing judge promptly determines that sentence in conformity with this opinion; and (2) the reinstatement of the one to two-year sentence on No. 772.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.