Commonwealth *v.* Phelps, Appellant.

Submitted March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael L. Levy* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Appellant was indicted on Nos. 586, 587, and 588 of January Sessions, 1960 charging possession and sale of drugs on three separate occasions. Appellant pled guilty to all indictments, and was sentenced to five to ten years on No. 586. Sentence was suspended on Nos. 587 and 588. Ten days later the lower court reconsidered and vacated the original sentences. Appellant was resentenced to two and a half to five years on No. 586, and two and a half years to five years on No. 587, to run consecutively. Sentence was again suspended on No. 588.

Appellant filed a Post Conviction Hearing Act petition challenging his resentencing on indictment No. 587 in light of recent Supreme Court decisions in *Commonwealth v. Allen*, 443 Pa. 96, 277 A. 2d 803 (1971), and *Commonwealth v. Silverman*, 442 Pa. 211, 275 A. 2d 308 (1971). *Silverman* voided the old rule permitting a sentencing judge to increase the sentence within either the term of court or thirty days. *Allen* indicated that there was no exception to *Silverman* for a case where a sentence on one bill was increased to conform with the judge's original intention, even though the total sentence on all bills was not increased. " '[T]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.' " *Allen*, supra at 105, 277 A. 2d at 807.

The instant case is controlled by our Supreme Court's decision in *Allen*. Accordingly, the suspended sentence on indictment No. 587 is reinstated.