Billy C. TINKER, Appellant,

v.

STATE of Tennessee, Aileene Love, Warden, Deberry Correction Institute.

Court of Criminal Appeals of Tennessee.

Feb. 2, 1979.

W. Zane Daniel, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, Raymond Shirley, Asst. Dist. Atty. Gen., Sevierville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for appellee.

OPINION

TATUM, Judge.

This is a post-conviction relief case in which the appellant, Billy C. Tinker, attacks the constitutionality of the trial judge's subjecting him to a second sentence increasing the first sentence for the same offense. The State concedes that the double jeopardy clause of the United States Constitution and the Tennessee Constitution bars the augmentation of a judgment in a criminal case which increases the defendant's original punishment. We also concur that this practice is unconstitutional.

The appellant, on July 6, 1977, entered guilty pleas in two drug cases, numbers 2714 and 2773. The trial judge entered a judgment in case number 2773 sentencing the appellant to a term of not less than two years nor more than five years in the State Penitentiary. The trial court reserved sentence and judgment in case number 2714 pending the termination of the appellant's drug addiction therapy at Central State Hospital. Copies of the minute entries entered in these two cases were not made a part of the record. However, we glean that notation was made in the minutes that if the appellant successfully completed the drug rehabilitation program, the court intended at the time of the entry to sentence him to a term of not less than five years nor more than ten years in case number 2714; if he did not successfully complete the program, the court intended to sentence him to not less than seven years nor more than ten years. We emphasize that the minute entry with reference to case number 2714 was not a judgment as actual sentencing was deferred.

Subsequently, the trial judge apparently determined that the appellant did substantially complete the drug program; relying on his recollection, he sentenced the appel-

lant to a term of not less than four years nor more than ten years in case number 2714. After the sentence had been partially executed, the trial judge discovered he had inadvertently sentenced the appellant from four to ten years and ordered the appellant returned to court; the appellant was again sentenced in case number 2714 to a term of not less than five years nor more than ten years in accordance with the Judge's original intention. Minute entries were made for both judgments and the second judgment was in correction of the first. The State concedes that the first judgment had been partly executed when augmented by the second.

At the outset, we note that the first judgment was not illegal as in *State v. Burkhart,* 566 S.W.2d 871 (Tenn.1978), nor was the second judgment entered for the correction of a clerical error.

The leading case on this proposition is from the Supreme Court of the United States in *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874) wherein a defendant was sentenced to confinement for one year and ordered to pay a $200.00 fine. The offense for which Lange was convicted was punishable by either confinement or a fine, but not both. Lange paid the fine after five days of incarceration; the trial court immediately resentenced him to confinement for one year and no fine.

The *Lange* court held that the practice of enhancing punishment by resentencing constituted double jeopardy and is constitutionally prohibited, saying:

If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the

party when a second punishment proposed in the same court, on the same facts, for the same statutory offense.

\* \* \* \* \* \*

For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had and, on a second conviction, a second punishment inflicted?

The argument seems to us irresistible and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it.

*Ex parte Lange,* 85 U.S. (18 Wall.) 163, 167, 173, 21 L.Ed. 872, 876, 878 (1874)

In *Chandler v. United States,* 468 F.2d 834, 837 (5th Cir. 1972), the United States District Court had entered an amended judgment and commitment to conform the written judgment to the judge's original intention. The Fifth Circuit reversed, saying:

"Admittedly, the Government is requesting only that a narrow hole be bored in the double jeopardy clause. We will not, however, allow deeply entrenched constitutional rights to be made subject to claims of 'inadvertent error' and we

must plug up the hole, however small, left open by the trial court's auger. We cannot allow even judicial remembrances of things past to dim the constitutional incandescence of the Fifth Amendment."

In *United States v. Sacco*, 367 F.2d 368, 369 (2nd Cir. 1966), the defendant was sentenced to seven years under a charge carrying a maximum penalty of five years and was sentenced to five years under a charge carrying a maximum penalty of ten years, the sentences to run concurrently. The trial judge entered an order eight months later transposing the sentences, stating that the sentences were originally entered through inadvertence and error. The Second Circuit reversed and said:

"We are of the opinion that a judge should not be permitted to increase a sentence clearly and explicitly imposed, after the prisoner has begun to serve it, even though the judge later recollects that he had intended at the time to decree a longer sentence for a conviction on a particular count but did not do so because he had inadvertently confused it with another count. This is not the case of an error in reporting or a purely clerical error or a judicial mistake corrected the same day or the imposition of a sentence of less than a mandatory minimum or similar flaws which present quite different problems. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners."

In *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974), the Supreme Court of Pennsylvania considered the constitutionality of the entry of an amended sentence which increased an original sentence from eight and one-half to ten years to a sentence of eight and one-half to twenty years. The court held this amending sentence unconstitutional as placing the defendant in double jeopardy, saying:

The present problem deals with the increase of an *existing* sentence, not with an increase over the original sentence

following retrial as was the case in *Pearce* [*North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)]. That distinction, however, is not significant here since both the United States Supreme Court and this Court have also held that a court is without power to increase an *existing* sentence, once the defendant has begun to serve that sentence. *See Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971).

More important for our resolution of the instant case, however, is our decision in *Commonwealth v. Allen*, [443 Pa. 96, 277 A.2d 803 (1971)] *supra*, wherein we held, *inter alia*, that even an increase in sentence which is merely designed to correct an inadvertent judicial mistake must be scrutinized as carefully as an increase which results from a reconsideration of sentencing factors or from a judicial change of mind. The Commonwealth would dispute this reading of *Allen*, however, since it feels that an increased sentence to correct a "slip of the tongue" was there approved. While it is true that we noted factors which negated a "slip of the tongue" theory in that case, we never indicated that the establishment of such a "slip" would have altered our result. On the contrary, we there expressed our "agreement with those jurisdictions holding there is no exception to *Lange* in the situation where the increase is allegedly designed to reflect the judge's true intent. . . ." 443 Pa. at 104, 277 A.2d at 807. We then concluded our discussion with the following language:

"Lastly, we are of the opinion that such alleged inadvertance [sic] cannot be tolerated as a matter of public policy. As best stated by the Second Circuit, '[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.' . . ."

In light of the above principles, we must hold that the modification of the sentence

in the present case occurring after the appellant had partly executed the original sentence, violated the Federal and State constitutional guarantees against double jeopardy.

Needless to say, judgments may not be corrected or amended pursuant to T.C.A. § 20–1512 when such corrections or amendments violate a constitutional right.

The judgment of the trial court denying post conviction relief is reversed. The case is remanded to the Criminal Court of Sevier County and that court is directed to enter judgment in case number 2714 sentencing the appellant to a term in the State Penitentiary of not less than four years nor more than ten years in conformity with that court's initial judgment.

DWYER and O'BRIEN, JJ., concur.