**STATE of Tennessee, Appellant,**

v.

**John BELL, Appellee.**

Supreme Court of Tennessee,
at Jackson.

Feb. 13, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, for appellant.

R. Bradley Sigler, Jackson, for appellee.

## OPINION

FONES, Chief Justice.

We granted the State's rule eleven application to review a decision of the Court of Criminal Appeals reversing the trial judge's denial of probation to defendant.

The facts are briefly summarized as follows. John Bell, defendant herein, was a dock employee at Kleer-Vu Industries. Kleer-Vu, according to the testimony of Joe LaPorta, its operations manager, was experiencing employee theft. The company, through LaPorta, made an appeal to all plant employees to the effect that if the losses stopped, Kleer-Vu would "take our losses and suffer them" and no one would be "prosecuted." However, the losses did not stop. Ultimately defendant, along with two co-workers, was indicted on four counts of grand larceny. Defendant entered a plea of guilty to petit larceny and was sentenced to serve not less than nor more than two years in the state penitentiary.

Defendant then filed a motion for a suspended sentence. A hearing was held on the motion during which defendant testified that he had taken the stand for the State and answered all questions tendered to him during the trial of one of his co-workers, in addition to signing a full confession. He testified that he had never been in trouble before, was now remorseful, and would never let it happen again. In addition, he testified to a congenital defect in his hands, having only two fingers on one hand and three on the other. He related to the court the medical problems of his parents. His father was a paraplegic and his mother had undergone a masectomy. Defendant lived with his parents and was the only driver in his home. He also testified that he had a three year old son who would suffer without his support.

In addition to his own testimony, defendant introduced three letters; one from his father's physician, one from his pastor, and one from his current employer. Also defendant's pre-sentence (probation) report was introduced which stated in part "this officer has no objection to probation, should the court see fit."

The State put Joe LaPorta, the operations manager of Kleer-Vu, on the stand as its only witness. LaPorta testified that he had warned all the employees to stop the thefts. He stated, "I felt that I had given everyone fair warning" and in fairness to all the other employees, prosecution was "something we have to do."

The trial court then overruled defendant's motion stating in part "... I am of the opinion that this is a particularly bad crime in that the man stole from his employer who trusted him and also taking into

account that we have to have some kind of deterrent to other employees to keep this from happening again...."

The Court of Criminal Appeals, with one judge dissenting, reversed finding "From this record we are unable to find that the circumstances of this larceny and the possibility of deterrence *outweigh* all the favorable factors which point to the propriety of probation for this appellant." (Emphasis added.)

■ *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), was the first case to interpret the statutory command of T.C.A. § 40–2904 (now § 40–21–104) which states "The power of suspension and probation is within the sole discretion of the trial judge; ..." The rule as set out by the *Stiller* court, is that the decision of the trial judge denying probation is binding on the appellate courts unless that decision is capricious, arbitrary or a palpable abuse of discretion. *See also State v. Grear*, 568 S.W.2d 285 (Tenn.1978); *State v. Hollingsworth*, 647 S.W.2d 937 (Tenn.1983).

> In *State v. Grear, supra*, it was stated: [I]n order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this Court as appropriate for determining suitability for probation. *Id.* at 286.

After examining the evidence in the record, the findings of the trial judge and his conclusion that the defendant was not entitled to probation, the *Grear* court held:

> In our opinion, the evidence would support either conclusion at the trial court level; in such a case it cannot be an abuse of discretion to decide the case either way. The appellate court is not authorized to substitute its judgment for that of the trial court when, as here, it is supported by evidence. *Id.*

■ After examining the evidence and the record in this case, we are confronted with a similar situation as faced in *Grear.* There are factors favorable to allowing parole to defendant. His physical defects, his parents' poor physical condition, lack of any criminal background, his current employment and his favorable pre-sentence report.

However, the trial judge denied probation based on two valid statutory grounds; the circumstances of the offense and the deterrent effect upon other criminal activity.

It is obvious from the record that employee theft at the Kleer-Vu plant did not occur on one isolated occasion. The company, before its investigation which ultimately led to the arrest of defendant and two of his co-workers, appealed to its employees to discontinue the thefts or suffer prosecution. The warning was given a few weeks prior to the arrest of defendant and his coconspirators, and included a plea by Mr. LaPorta that employees not involved speak to those "they thought were involved." In the context of a probation proceeding the circumstances of defendant's disregard of that warning adds a degree of culpability to the offense and could be said to impact on the weight to be given deterrence.

As we pointed out in *State v. Michael*, 629 S.W.2d 13 (Tenn.1982), the Legislature has said trial judges may deny probation on the ground of its deterrent effect upon other criminal activity; that the case law and that legislative declaration envision that the trial judge will assign such weight, credit and value to that fact or as the circumstances of each case warrant. In performing that authorized function in this case, we are unable to find that the trial judge acted arbitrarily or abused his discretion. The appellate courts are not authorized to weigh the factors and substitute their judgment for that of a trial judge, but must affirm unless an abuse of discretion has occurred.

The judgment of the Court of Criminal Appeals is reversed and that of the trial court is reinstated and affirmed. This case is remanded to the Circuit Court of Hay-

wood County. Costs are adjudged against defendant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.