**STATE of Tennessee, Appellee,**

v.

**Thomas BAILEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 9, 1985.

Permission to Appeal Denied by

Supreme Court Oct. 28, 1985.

W.J. Michael Cody, Atty. Gen., Perry Allan Craft, Asst. Atty. Gen., Nashville, Paul G. Summers, Dist. Atty. Gen., Jon K. Blackwood, Elizabeth T. Rice, Asst. Dist. Attys. Gen., Somerville, for appellee.

Richard G. Rosser, Somerville, for appellant.

### OPINION

WALKER, Presiding Judge.

The Fayette County grand jury charged the defendant, Thomas Bailey, with grand larceny of approximately 130 pairs of pants from his employer, Master Apparel Corporation. On December 7, 1984, by agreement with the state, the defendant entered a plea of guilty to petit larceny with the state's recommendation of a sentence of three years in the penitentiary as a standard offender with 30 percent release eligibility. In announcing the plea agreement, the assistant district attorney general said that restitution was indicated, and the state had agreed that the defendant could file a petition for suspended sentence. The trial judge accepted the plea bargain, although he said that he was not likely to grant a suspended sentence, but he might grant work release. He also inquired about how much money was involved and learned that this was disputed between the parties. In accordance with the agreement, the trial judge sentenced the defendant to the terms

and conditions agreed upon and ordered that the sentence be served in Fayette County beginning December 19, 1984, pending further orders of the court.

On December 19, 1984, the trial judge heard and denied the motion for suspended sentence but ordered work release. He also ordered that the defendant make restitution in the amount of $500 and that the work release program begin January 1, 1985.

On January 14, 1985, after the defendant had begun serving his sentence, the trial judge heard the state's motion to increase restitution. The trial judge then increased restitution to $1430 and ordered that it be paid by the completion of the defendant's sentence and before his release.

On his appeal the defendant contends that the trial judge (1) abused his discretion in denying the defendant a suspended sentence, and (2) that he erred in increasing the amount of restitution after the defendant's sentence had already begun.

■ On the first issue the defendant argues that he meets the criteria enunciated in *Stiller v. State*, 516 S.W.2d 617 (Tenn. 1974). Although it is true that the defendant has never been in trouble before, is presently employed and supporting a minor child, regrets his actions and is only 25 years of age, it is also clear that probation is a matter within the trial judge's discretion. In order for the reviewing appellate court to be warranted in finding an abuse of discretion, it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of our supreme court. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

■ The trial judge denied the motion to suspend the sentence, saying: "The court is going to deny the motion to suspend on the basis, as a deterrent to others, and also because of the fact that we have got an awful lot of this kind of crime, stealing."

The defendant argues that deterrence is not a valid criterion under *Stiller*, supra, and that in the case of *Moten v. State*, 559 S.W.2d 770 (Tenn.1977), reliance on deterrence alone was held not to be a reason to deny probation.

Since the three-to-two decision of *Moten*, supra, the legislature enacted T.C.A. 40–21–104(a)(1), which states that a trial judge may deny probation upon the ground of the deterrent effect upon other criminal activity. Our supreme court also has addressed virtually the same facts and identical issue in *State v. Bell*, 664 S.W.2d 288 (Tenn. 1984). That court, in a unanimous decision, upheld the trial court's denial of probation on the grounds of deterrence. The defendant in that case had pleaded guilty to petit larceny of his employer. Despite his lack of criminal background, his current employment, his parents' poor physical condition and his favorable presentence report, he was denied probation.

> "(T)he legislature has said trial judges may deny probation on the ground of its deterrent effect upon other criminal activity; that the case law and that legislative declaration envision that the trial judge will assign such weight, credit and value to that fact or as the circumstances of each case warrant. In performing that authorized function in this case, we are unable to find that the trial judge acted arbitrarily or abused his discretion. The appellate courts are not authorized to weigh the factors and substitute their judgment for that of a trial judge, but must affirm unless an abuse of discretion has occurred."

Id. at 290. We find no abuse of discretion in this denial of suspended sentence.

■ The state submits, without recommendation, the defendant's second issue. The defendant says the trial court abused its discretion by amending the original sentence, which included $500 restitution, to $1430 in restitution at a hearing two weeks after he began serving his sentence.

In *Tinker v. State*, 579 S.W.2d 905 (Tenn. Cr.App.1979), this court held that modification of the sentence occurring after the

defendant had partly executed the original sentence violated the federal and state constitutional guarantees against double jeopardy. The leading case on this proposition, as held in *Tinker*, supra, is from the Supreme Court of the United States in *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed.2d 872 (1874), wherein a defendant was sentenced to confinement for one year and ordered to pay a $200 fine. The offense was punishable by either confinement or a fine, but not both. After five days of incarceration, Lange paid the fine and was immediately resentenced to one year of confinement. In *Ex parte Lange*, supra, the court noted: "(W)e do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." Id. at 173.

We therefore uphold the denial of suspended sentence and vacate the order amending the amount of restitution. The original order of December 19, 1984, reflecting the restitution amount of $500 is in effect.

The judgment, as modified, is affirmed.

TATUM and BYERS, JJ., concur.