the recent case of United States ex rel. Craig v. Myers, 3 Cir., 329 F.2d 856, 859:

**UNITED STATES of America ex rel. James WHITING**

v.

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2713.**

United States District Court
E. D. Pennsylvania.

June 23, 1964.

James Whiting, in pro. per.

GRIM, District Judge.

In this habeas corpus petition, relator questions the validity of his sentence to life imprisonment imposed under the provisions of the Pennsylvania Penal Code relating to convictions of a second offense of murder of the second degree. Act of June 24, 1939, P.L. 872, § 701, as amended, 18 P.S. § 4701.[1] Relator contends that his constitutional rights have been infringed because he allegedly did not receive adequate notice that he was subject to sentence as a second offender and because he allegedly did not receive a "trial" on the second offender charge.

The requirements of due process in the case of a habitual criminal charge have been set forth in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) where the Supreme Court said:

"Even though a habitual criminal charge does not state a separate offense, the determination of whether one is a habitual criminal is 'essentially independent' of the determination of guilt on the underlying substantive offense. * * * Thus, although the habitual criminal issue may be combined with the trial of the felony charge, 'it is a distinct issue, and it may appropriately be the subject of separate determination.' * * * [D]ue process does not require advance notice that the trial on the substantive offense will be followed by a habitual criminal proceeding. * * * Nevertheless a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense. * * *" 368 U.S. 448, 452, 82 S.Ct. 503 (1962); See also United States ex rel. Collins v. Claudy, 204 F.2d 624 (3d Cir. 1953); United States ex rel. Swingle v. Rundle, 318 F.2d 64 (3d Cir. 1963).

An examination of the trial transcript clearly refutes relator's contention that he did not receive adequate notice of the recidivist charge or a "trial" on such charge. The record shows that at the beginning of the relator's non-jury trial for murder in 1963, the District Attorney indicated his intention to proceed against relator as a second offender if the court should find relator guilty of murder. After the state and defense had presented their case, the trial judge found relator guilty of murder of the second degree,

1. The Act provides in pertinent part:
"* * * Whoever is convicted of the crime of murder of the second degree, is guilty of a felony, and shall, for the first offense, be sentenced to undergo imprisonment by separate or solitary confinement not exceeding twenty (20) years, or fine not exceeding ten thousand dollars, or both, and for the second offense, shall undergo imprisonment for the period of his natural life."

whereupon the District Attorney again indicated his intention to proceed against relator as a second offender. The District Attorney noted for the record that defense counsel had received notice several days prior to trial that the Commonwealth intended to proceed against relator as a second offender if he were found guilty of murder at the trial. Defense counsel acknowledged the truth of this statement in open court and stated that he did not need any additional time to prepare a defense to the second offender charge. An amended bill of indictment indicating that relator had once before in October of 1948 been convicted in a Philadelphia court of murder of the second degree was introduced into evidence. A Clerk of Quarter Sessions Court was called to verify the fact that a person named James Whiting was in fact found guilty of murder of the second degree in October of 1948 and a witness at the 1948 trial testified that relator was in fact the same James Whiting who was convicted of murder of the second degree in 1948. Relator was given an opportunity to speak and in fact admitted that he had been convicted of murder of the second degree in October of 1948. Subsequently, the trial judge imposed the life imprisonment sentence which the relator attacks in this petition.

█ Relator was represented throughout this proceeding by competent counsel and it is clear that he was afforded adequate notice and opportunity to be heard on the recidivist charge as well as all the elements of a "trial" on the recidivist charge as required by due process.

██ Since the facts are not in dispute and do not set forth matters en-

titling relator for relief by habeas corpus, an evidentiary hearing is not necessary, 28 U.S.C.A. § 2243; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Likewise since the legal issue here is clear and the record uncomplicated, there is no reason for the court to exercise its discretion to appoint counsel for the relator.

█ It remains only to point out that the possible failure of relator to exhaust his state remedies [2] does not preclude this court from denying relator's petition on the ground that the allegations contained therein are without constitutional merit. As was pointed out by the Court of Appeals for the Third Circuit in a recent case:

"The general grant of jurisdiction in habeas corpus, which appears in Title 28 U.S.C. § 2241 (1958), permits denial of a petition for the Great Writ on its merits, though state remedies may not be exhausted. Manifestly, 'it is not an indignity to state processes to assert that a claim of this sort [constitutional infringement] on its face or on a full record is clearly without merit.' " United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964); See Petition of Thompson, 301 F.2d 659, 660 (3d Cir. 1962).

Relator's claims are clearly without merit and his petition must be denied.

## ORDER

And now, this 23rd day of June, 1964, the petition of James Whiting for a writ of habeas corpus and for the appointment of counsel is denied.

2. Relator in November of 1963 did file with the Pennsylvania Supreme Court a habeas corpus petition asserting among other allegations the unconstitutionality of the second offender proceedings at his trial. On the back of that petition appeared the notation "Original Jurisdiction." That petition was subsequently endorsed with the following order: "12/26/63 Petition Denied Per Curiam." Relator's petition in this court does not indicate that any other Pennsylvania state courts have considered his contentions. In this state of the record, the court is unable to state with confidence that relator has exhausted his state remedies. The denial by the Pennsylvania Supreme Court of the petition for habeas corpus without an opinion could have been on the merits or it could have been done for the reason that the Supreme Court refused to accept original jurisdiction in the habeas corpus proceeding.