996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milton L. HERD, Petitioner-Appellant,
v.
Jack COWLEY, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6415.
 United States Court of Appeals, Tenth Circuit.
 May 18, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Milton Lee Herd, a state prisoner appearing pro se and in forma pauperis, appeals from the district court's Order which adopts the Report and Recommendation of the United States Magistrate Judge and denies and dismisses his habeas corpus petition brought pursuant to 28 U.S.C. § 2254.
 
 
 3
 Herd was convicted of Robbery with a Dangerous Weapon and Burglary in the Second Degree. Following imposition of judgment and sentence on January 12, 1988, Herd failed to perfect a timely direct appeal to the Oklahoma Court of Criminal Appeals. No action was taken to challenge his conviction until January 11, 1989, when Herd began corresponding with the Clerk of Appellate Courts, his trial counsel, and the district court trial judge.
 
 
 4
 In April, 1992, Herd filed an Application for Post-conviction Relief Out of Time, asserting that he had been denied the right of appeal through no fault of his own. Following an evidentiary hearing, the state district court denied Herd's Application. Herd appealed the denial to the Oklahoma Court of Criminal Appeals. The appeal was pending at the time Herd filed his federal Petition for Habeas Corpus Relief. Subsequent to the institution of the instant appeal, the Oklahoma Court of Criminal Appeals granted Herd's request for an appeal out of time.
 
 
 5
 Herd raises two grounds which he contends entitle him to federal habeas relief: (1) that he is being forced to serve a sentence without a mandate, and (2) that his federal constitutional rights were violated by the failure of trial counsel to preserve his direct appeal right. Though Herd raises numerous other issues on appeal, this court will only address the two grounds raised in the district court.
 
 
 6
 Regarding Herd's first claim, the Oklahoma Court of Criminal Appeals addressed the issue of "mandate" in its Order Denying Petitions for Extraordinary Writs entered July 28, 1992. No federal right is implicated here, and this argument is meritless. Concerning the second ground, it is firmly established that prior to obtaining federal habeas relief, Herd, an inmate in custody pursuant to a state judgment, must first exhaust his available state remedies. 28 U.S.C. § 2254 (b) & (c); Pitchess v. Davis, 421 U.S. 482, 486 (1975); Parkhurst v. State of Wyoming, 641 F.2d 775, 776 (10th Cir.1981).
 
 
 7
 We agree with the district court's order denying federal habeas review of Herd's first claim, which the Oklahoma Court of Criminal Appeals has addressed. We likewise conclude that Herd's second claim was properly dismissed without prejudice for failure to exhaust state remedies.
 
 
 8
 We AFFIRM the district court's order dismissing Herd's federal habeas corpus petition substantially for the reasons set forth in the Magistrate Judge's Report and Recommendation, dated October 26, 1992, and the district court's Order, dated November 30, 1992, copies of which are attached hereto.
 
 
 9
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 
 10
 MILTON LEE HERD, Petitioner,
 
 
 11
 vs.
 
 
 12
 JACK COWLEY, Warden, Respondent.
 
 No. CIV-92-880-C
 Oct. 26, 1992
 REPORT AND RECOMMENDATION
 
 13
 Petitioner, a state prisoner appearing pro se and in forma pauperis, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss to which the Petitioner has replied, and the case is at issue. This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Court finds that an evidentiary hearing is not required as the issues may be resolved on the basis of the record and the law. Cartwright v. Maynard, 802 F.2d 1203, 1216 (10th Cir.1986), aff'd, 486 U.S. 356 (1988).
 
 
 14
 Petitioner is presently incarcerated pursuant to a Judgment and Sentence entered January 12, 1988, by the Carter County District Court in cases numbered CRF-87-88 and CRF-87-89. Petitioner was tried by a jury and convicted of Robbery with a Dangerous Weapon, After Former Conviction of Two or More Felonies (CRF-87-88), and Burglary in the Second Degree, After Former Conviction of Two or More Felonies (CRF-87-89). Petitioner was sentenced to thirty-five years and twenty years, respectively, to run consecutively. Petitioner did not take a direct appeal.
 
 
 15
 Factual Background of Post-Judgment Proceedings[1]
 
 
 16
 Petitioner was sentenced on January 6, 1988, in both criminal cases. A Judgment and Sentence was filed in each case on January 12, 1988. The record before this Court is silent as to what, if any, events occurred between January 12, 1988 and January 11, 1989. On January 11, 1989, the Deputy Clerk for the Clerk of the Appellate Courts wrote Petitioner in response to his letter of January 8, 1989, wherein he had inquired as to the status of his appeal. Petitioner was told that no appeal had been filed on his behalf and to contact his court-appointed counsel. Apparently, Petitioner did contact his trial counsel, David Chandler, as a letter dated January 16, 1989, from Mr. Chandler to Petitioner states, in no uncertain terms, that Mr. Chandler neither has nor ever had any intention of perfecting an appeal on Petitioner's behalf. Mr. Chandler states that this matter was discussed with Petitioner both before and after his trial, and that Mr. Chandler considered his representation of Petitioner "fulfilled at the termination of the Court trial...." On February 14, 1989, Mr. Chandler filed a Motion for Court to Vacate Original Judgment and Sentence and Impose a New Judgment and Sentence. The purpose of the motion was to allow for the timely filing of an appeal. On March 30, 1989, Petitioner wrote a letter to Judge Walker and the Clerk of the Appellate Courts requesting copies of his Petition-in-Error, Brief on Appeal, and trial transcript. Again, the record is silent until October 19, 1989, when Petitioner wrote a letter to Judge Walker's court reporter asking the status of his appeal and the cost of a transcript.
 
 
 17
 On October 20, 1989, a letter from Mr. Chandler to Petitioner states that he has discussed "the situation" with Judge Walker and was enclosing an application for Petitioner to complete and file. He directs Petitioner to "attach a separate sheet and list the requested information on the application and be sure to state what you did to get your appeal heard in a timely manner." (emphasis in original).
 
 
 18
 It appears Petitioner took no further action until he wrote Judge Walker in August, 1990. He states that he had talked with his attorney a few months prior and had been sent some post-conviction relief papers. He concludes by requesting that his sentences be run concurrently. On September 12, 1990, an Order was filed reflecting the district court's decision of August 30, 1990, denying the Motion for Court to Vacate Original Judgment and Sentence. The Order stated that the proper manner to proceed was an application for post-conviction relief.
 
 
 19
 Petitioner contacted the court by letter in January, 1991, requesting an appeal out of time. The court responded by letter stating that a letter will not suffice for an application for appeal out of time and that an application for post-conviction relief must be filed. The next event of record is Petitioner's Motion for Records at State Expense filed March 13, 1991, which was denied by Order filed March 14, 1991, because Petitioner's application showed he had sufficient funds to obtain the copies sought, that he had failed to demonstrate entitlement to the transcript of any hearings, and there was nothing pending before the Court to justify the need for a transcript to be prepared at public expense.
 
 
 20
 On June 19, 1991, Petitioner filed a Request for an Appeal Out of Time and Request for Records at State Expense in both cases to which the State responded. On August 12, 1991, Petitioner filed a Motion to Withdraw Appeal Out of Time and Request for Records at State Expense without Prejudice stating he wanted to research more suitable ways to present his motion to the court. This motion was granted on September 3, 1991.
 
 
 21
 In early April, 1992, Petitioner tried to file a Petition for a Writ of Mandamus with the Oklahoma Court of Criminal Appeals. Therein, Petitioner requested the appellate court to grant him an appeal. This was returned to Petitioner unfiled on April 20, 1992. He was told that he must first make application for an appeal out of time to the District Court of Carter County. He was also provided the appellate rules on post-conviction relief. At about the same time, Petitioner tried to file with the appellate court an Application for Post-Conviction Relief. On April 16, 1992, the Clerk of the Appellate Courts returned the application unfiled. The transmittal letter states that the application could not be filed as it was not received within the appropriate time limit. Also enclosed was a copy of the Rules for Post-Conviction Relief. On April 23, 1992, a letter was written to Petitioner from a judicial assistant on the Oklahoma Court of Criminal Appeals in response to Petitioner's request that Judge Ed Parks provide his personal opinion concerning the merits of Petitioner's request for an appeal out of time. The letter states that Judge Parks "cannot and will not render an opinion on an issue in a criminal proceeding until the matter is properly presented to this Court." Shortly thereafter, Petitioner tried to file with the appellate court an Application to Assume Original Jurisdiction [or in the] Alternative Application for a Writ of Mandamus. By letter dated May 5, 1992, the application was returned to Petitioner. It stated that the Carter County Clerk's office had received Petitioner's "documents"[2] on April 22, 1992, and had sent them to the District Judge. Petitioner was directed to wait a reasonable time for a ruling.
 
 
 22
 On April 24, 1992, Petitioner filed an Application for Post-Conviction Relief Appeal Out of Time was filed. He asserted that, through no fault of his own, his trial counsel had failed to perfect an appeal. The State responded to this application, Petitioner replied thereto, and the district court set the matter for an evidentiary hearing on June 22, 1992. By Order entered June 1, 1992, the district court also appointed counsel to represent Petitioner at the hearing. On June 11, 1992, Petitioner filed a Motion to Grant Application for Post-Conviction Relief/Alternative Vacate the Judgment and Conviction. He states therein that an appeal out of time would not "satisfy" the constitutional violations that have occurred. The hearing was held as scheduled with Petitioner in attendance. Thereafter, Petitioner filed in the Oklahoma Court of Criminal Appeals a Petition for Writ of Mandamus and a Motion to Disqualify the district judge from hearing his applications contending that the district judge also violated Petitioner's right to a direct appeal. On July 28, 1992, the Oklahoma Court of Criminal Appeals denied Petitioner's request for a Writ of Mandamus and Motion to Disqualify the district judge. The same day, the appellate court also denied Petitioner's "Application to Assume Original Jurisdiction of Extraordinary Writ for Mandamus/Petition for a Writ of Prohibition and Petitioner for a Writ of Habeas Corpus" and his "Petition for a Writ of Mandamus" requesting vacation of his sentences because no direct appeal was taken by his attorney and no mandate has been issued by the appellate court.
 
 
 23
 On July 17, 1992, Petitioner's court-appointed counsel filed a Request for Extension of Time to File a Brief in Support of Defendant's Application for Post-Conviction Relief. Counsel states that at the hearing on June 22, 1992, the court requested him to prepare a brief in support of the application. However, the day following the hearing counsel spoke with Mr. Herd and was informed that all his client wanted now was an appeal out of time and to withdraw his other requests. Thus, counsel prepared an affidavit to that effect for his client's signature and mailed it to him.[3] However, because his client drafted a different affidavit and returned it to counsel this caused a delay in the preparation of the brief. The affidavit prepared and signed by Petitioner is quite different from the affidavit prepared by his counsel. In it, Petitioner states that at the hearing he requested "time cut and time served;" that the hearing was continued to allow for the filing of a brief in support of sentence modification; that Petitioner wants his counsel to brief modification and wants a full and complete evidentiary hearing on violation of Petitioner's constitutional right to counsel on appeal; that failure to take a direct appeal was not his fault but the fault of the district court and trial counsel; that a hearing should be held to determine whether the district court has jurisdiction because no mandate has issued from the Oklahoma Court of Criminal Appeals; that the proper remedy for the above is "time cut and time served." He concludes by stating: "Wherefore, affiant request [sic] a full Hearing, and Requested [sic] relief for sentence Modification on his Constitutional Rights being violated, and that any such determination of whether an Appeal out of time be granted is a matter of the Court's Discretion." Counsel filed his Brief in Support on July 23, 1992.
 
 
 24
 On August 7, 1992, the district court entered an Order Denying Application for Post-Conviction Relief. After having considered the testimony and documents presented at the hearing, the court stated:
 
 
 25
 1. in the application the defendant requests he be granted leave to appeal out of time;
 
 
 26
 2. at the evidentiary hearing the defendant withdrew said request and substituted a request that the Court vacate his earlier sentence and impose a sentence equal in length to the term he has already served; [and]
 
 
 27
 3. the evidence presented does not convince the Court that he was denied a timely appeal through no fault of his own.
 
 
 28
 Based on these findings, the Court is of the opinion that the defendant has failed to establish, in fact or in law, any basis for a modification of the sentence imposed.
 
 
 29
 On August 12, 1992, Petitioner filed a Notice of Intent to Appeal, and on September 21, 1992, the transcript of the evidentiary hearing was filed in the district court. An appeal is presently pending in the Oklahoma Court of Criminal Appeals. See Herd v. State, PC-92-746 (filed August 20, 1992). Accordingly, the matter of whether Petitioner will be granted an appeal out of time has not been resolved by the highest court having jurisdiction over the matter.
 
 Discussion
 
 30
 Petitioner raises two grounds[4] which he contends entitle him to federal habeas relief: (1) he is being forced to serve his sentence without a mandate, and (2) his federal constitutional rights have been violated as a result of the failure of his trial counsel and the trial judge to preserve his right to a direct appeal. Respondent has filed a Motion to Dismiss for failure of Petitioner to exhaust his state remedies.
 
 
 31
 With regard to the first issue, the Oklahoma Court of Criminal Appeals addressed the issue of "mandate" in its Order Denying Petitions for Extraordinary Writs entered July 28, 1992.[5] While the court noted that Petitioner must first present his request for relief to the district court, it also stated that Petitioner's reliance upon Okla.Stat. tit. 20, §§ 42 & 44, dealing with appellate jurisdiction and mandate, was misplaced. The court explained that these statutes have no effect on the district court's ability to enforce a judgment and sentence. Thus, the highest state court has addressed this argument and found it lacking merit. Certainly, this Court is of the same opinion. No federal right is implicated here. Petitioner clearly misunderstands the use and function of the appellate mandate even though this was explained to him by the state appellate court. This Court sees no reason to attempt any further explanation.
 
 
 32
 Petitioner's second assertion is that the trial court and his trial attorney violated his constitutional rights by depriving him of his right to appeal. Respondent urges that this issue is unexhausted. As previously stated, an appeal from the district court's order is presenting pending in the Oklahoma Court of Criminal Appeals.
 
 
 33
 Exhaustion of state remedies is required by persons in custody pursuant to state judgments prior to obtaining federal habeas relief. 28 U.S.C. § 2254(b) & (c); Pitchess v. Davis, 421 U.S. 482, 486 (1975). The exhaustion requirement for habeas relief has two purposes. First, it allows state courts an opportunity to correct alleged violations of prisoners' federal rights, thus avoiding unnecessary friction between federal and state court systems. Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Second, application of the rule of exhaustion allows the development of a complete factual record to aid the federal court in its review. Rose v. Lundy, 455 U.S. 509, 519 (1982). Further, exhaustion can prevent unnecessary federal court review where the state court has reviewed the merits and entered written findings which are entitled to judicial deference under 28 U.S.C. § 2254(d). With regard to the exhaustion requirement, the United States Supreme Court has stated that "the federal claim must be fairly presented to the state courts. [I]t is not sufficient merely that the federal habeas applicant has been through the state courts." Picard v. Connor, 404 U.S. 270, 275-76 (1971). Only after a petitioner has provided the state courts with a fair opportunity to consider his constitutional claim will this Court take cognizance of his habeas corpus claim. Rose v. Lundy, supra; Anderson v. Harless, 459 U.S. 4, 6 (1982); Naranjo v. Ricketts, 696 F.2d 83, 86 (10th Cir.1982). When a petitioner has not presented his claim to the highest state court having jurisdiction, his petition must be dismissed. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. at 4; Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988).
 
 RECOMMENDATION
 
 34
 In accordance with the foregoing, it is recommended that the petition for a writ of habeas corpus be denied with respect to Petitioner's first claim and dismissed without prejudice as to Petitioner's second claim. Any party may file an objection to this Report and Recommendation on or before the 10 day of November, 1992. Failure to make timely objection to this Report and Recommendation waives the right to appeal from a judgment of the District Court based upon these findings and recommendations. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991).
 
 
 35
 /s/Bana Blasdel
 
 BANA BLASDEL
 UNITED STATES MAGISTRATE JUDGE
 ATTACHMENT
 ORDER OF DISMISSAL
 Nov. 30, 1992
 
 36
 This matter was referred to a United States Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On October 26, 1992, the Magistrate Judge filed a Report and Recommendation. On November 6, 1992, petitioner filed a pleading styled, "Motion to Reconsider Objection to Mandated to Be File [sic] before of Nov. 1992."
 
 
 37
 Local Rule 39(B)(3) authorizes Magistrate Judges to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations to the Court regarding dispositive matters. W.D.Okla.R. 39(B)(3); see 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). These determinations are reviewed by this Court by a de novo standard of review. See Colorado Bldg. and Const. Trades Council v. B.B. Andersen Const. Co., 879 F.2d 809, 810-811 (10th Cir.1989); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir.1988); 28 U.S.C. § 636(b)(1)(C); W.D.Okla.R. 39(D). The Local Rule provides:
 
 
 38
 A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge, however, need conduct a new hearing only in his [or her] discretion or where required by law, and may consider the record developed before the magistrate [judge], making his [or her] own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate [judge] with instructions.
 
 
 39
 W.D.Okla.R. 39(D); see H.R.Rep. No. 94-1609, 94th Cong., 2d Sess., reprinted at (1976) U.S. Code Cong. & Admin. News 6162 (the legislative history of § 636 makes it clear that a de novo determination does not necessarily mean a de novo hearing).
 
 In a de novo review, the reviewing court
 
 40
 should make an independent determination of the issues ...; [it] "is not to give any special weight to the [prior] determination".... The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he [or she] is not satisfied, he [or she] may conduct the review in whole or in part anew.
 
 
 41
 Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d at 1464 (quoted citations omitted).
 
 
 42
 While "de novo " is typically a standard of review utilized only in a review of fact-finding, the use of that standard in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) reveals an intent that it can be used to review legal determinations as well. 28 U.S.C. § 636(b)(1)(B) authorizes Magistrate Judges to recommend action on dispositive issues to the Court. Those recommendations will include matters of law, and the Court is to review those recommendations de novo. The Magistrate Judge's recommendations to the Court have no presumptive weight and the responsibility of making a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261, 271 (1976).
 
 
 43
 The Magistrate Judge recommended that the petition for writ of habeas corpus be denied with respect to petitioner's first claim and be dismissed without prejudice as to petitioner's second claim. The Oklahoma Court of Criminal Appeals has addressed the first ground raised by the petitioner. See Order Denying Petitions for Extraordinary Writs, July 28, 1992. The Court has carefully considered petitioner's November 6, 1992, pleading consistent with the above standards and finds that the petition for writ of habeas corpus is denied with respect to petitioner's first claim. With regard to the second ground for relief, this Court concludes that the petitioner has failed to exhaust his state remedies. Accordingly, this Court concludes petitioner's second claim should be dismissed without prejudice. The Report and Recommendation is hereby adopted.
 
 
 44
 IT IS SO ORDERED.
 
 
 45
 /s/Robin J. Cauthron
 
 ROBIN J. CAUTHRON
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The information providing the factual background is taken from the documents submitted by Petitioner and the record provided by Respondent in this action and Herd v. Walker, CIV-92-883-C (W.D.Okla.)
 
 
 [2]
 The letter does not specifically identify the "documents."
 
 
 [3]
 That unsigned affidavit is attached to the request for extension and recites that at the hearing Petitioner had orally requested the Court to not grant him an appeal out of time but, rather, modify his sentences; that he now wants to withdraw that oral request and desires an appeal out of time; and, that there is no need for his attorney to brief the issue of whether the district court has authority to modify his sentences
 
 
 [4]
 Although Petitioner lists three grounds for relief, grounds two and three are the same in all substantive respects and will be addressed as a single issue
 
 
 [5]
 In the alternative, even if this issue were unexhausted, it is so clearly without merit that addressing it would not offend the principle behind exhaustion. "The general grant of jurisdiction in habeas corpus, which appears in Title 28 U.S.C. § 2241 (1958), permits denial of a petition for the Great Writ on its merits, though state remedies may not be exhausted. Manifestly, 'it is not an indignity to state processes to assert that a claim of this sort [constitutional infringement] on its face or on a full record is clearly without merit.' " United States ex rel. Whiting v. Myers, 230 F.Supp. 868, 870 (E.D.Pa.1976) (quoting United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3rd Cir.1964), cert. denied, 379 U.S. 847 (1964))